Margaret A. Elder (SBN 177424)
17011 Beach Blvd., Suite 900
Huntington Beach, CA 92647
Tel:   (714) 375-6696
Fax:   (714) 362-3186

Chandra Gehri Spencer (SBN 184010)
CHANDRA GEHRI SPENCER, A PROFESSIONAL LAW CORPORATION
2625 Townsgate Rd., Suite 330
Westlake Village, CA  91361
Tel:  (213) 631-8331
Fax:  (888) 422-8027

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE  JONES, an individual, DEMETRIO HERNANDEZ, an individual, and the FAIR HOUSING COUNCIL OF THE CENTRAL CALIFORNIA, a non-profit corporation, <br><br>      vs. <br><br> SHEIKH A. KAIUUM, an individual, CYNTHIA ALVARADO, an individual, JSK MANAGEMENT, an unknown entity, <br>              Defendants. | CASE NO. 1:12-cv-01378-AWI-SAB <br><br> Consent Decree <br><br> Action Commenced:  July 2, 2012 <br> Trial Date:  December 3, 2013 <br> Discovery Cut-Off:  May 24, 2013 <br> Law & Motion Cut-Off: 7/26/2013 |

## RECITALS

This case was brought by the FAIR HOUSING COUNCIL OF THE

CENTRAL CALIFORNIA ("FHC-CC") and two former tenants of Defendants

(collectively, "Plaintiffs") against SHEIKH A. KAIUUM, CYNTHIA

ALVARADO, and JSK MANAGEMENT (collectively "Defendants").  Plaintiffs allege that Defendants violated the Fair Housing Act, 42 U.S.C. § 3601, et. seq., the California Fair Employment and Housing Act, Cal. Gov. Code § 12900, et. seq., the California Unruh Act, CCP § 51 et. seq. and other related state statutes. Specifically, Plaintiffs allege that Defendants have engaged in discrimination by a policy of steering families with children and refusing to make reasonable accommodations for disabled persons.

Defendants have denied all material allegations made by Plaintiffs in their operative complaint.

Plaintiffs and Defendants have agreed that in order to avoid protracted and costly litigation, the controversy should be resolved without a trial or adjudication on the merits and therefore have consented to entry of this decree and order.

It is hereby ORDERED, ADJUDGED and DECREED:

**I.    TERM**

A.    The term of this Order shall be three years from the date of entry.

**II.    INJUNCTION**

A.            Defendants, their agents, employees, and all persons in active concert or participation with any of them are permanently enjoined from the conduct enunciated in the Preliminary Injunction entered in this action, specifically from:

1.    Denying a reasonable accommodations request from a tenant or prospective tenant without engaging in the interactive process, and providing the reason for the denial of the reasonable accommodation in writing to the tenant and/or prospective tenant; and

**2.**    Requiring tenants to reside in certain units or in certain areas based on their familial status. Or using their familial

status in connection with the provision of building facilities, services or amenities, and they are restrained and enjoined from conditioning the provision of such facilities, services or amenities on the basis of familial status.

**3.** Defendants shall submit new non-discriminatory "House Rules" and have written nondiscriminatory policies. The "House Rules" and written policies shall be approved by Counsel for Plaintiffs.

B. Defendants, their agents, employees, and all persons in concert or participation with any of them are permanently enjoined with respect to the rental of dwellings at any of their properties in Fresno County, California from:

1. Refusing to rent or sell a dwelling, refusing or failing to provide or offer information about a dwelling, or otherwise making unavailable or denying a dwelling to any person because of race, color, national origin, sex, handicap, familial status or religion;

2. Discouraging or encouraging prospective tenants from obtaining information about, viewing, applying to rent, or renting any dwelling, on the basis or race, color, national origin, sex, handicap, familial status or religion;

3. Discriminating against any person in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, national origin, sex, handicap, familial status or religion;

4.      Misrepresenting the availability of apartments for rent on the basis or race, color, national origin, sex, handicap, familial status or religion, or providing different information about the availability of apartments on the basis of race, color, national origin, sex, handicap, familial status or religion;

5.      Withholding information regarding the availability of apartments for rent on the basis of race, color, national origin, sex, handicap, familial status or religion;

6.      Taking any action tending to constructively or actually remove or assist in the removal of any tenant from a rental unit on the basis of race, color, national origin, sex, handicap, familial status or religion, including but not limited to refusing to accept tendered rent payments, issuing three-day notices, filing unlawful detainer actions, or initiating any other type of legal or administrative proceeding for alleged non-payment of rent on the basis of race, color, national origin, sex, handicap, familial status or religion;

7.      Making, printing, publishing, or causing to be made, printed, or published any notice, statement or advertisement with respect to the rental of a dwelling that indicates any preference, limitation or discrimination on the basis of race, color, national origin, sex, handicap, familial status or religion;

8.      Conducting illegal or improper inspections of tenant apartments, without proper notice or otherwise in violation of the California Civil Code section 1954.

## III.   FAIR HOUSING TRAINING

A.      Defendants and their agents including each and every current employee or employee hired by Defendants in the three-year period following entry of this Order who deals in any way with the rental or management of Defendants' rental properties in Fresno County, California shall undergo yearly fair housing training to be provided by a HUD approved agency or the Fair Housing Council of Central California.  If Defendants choose training through the Fair Housing Council of Central California then Defendants shall pay to the Fair Housing Council of Central California. $1,500.00 per training with unlimited number of attendees, its normal and customary charge for each such training session.  The first of such training shall be initiated within 120 days of the date of entry of this Order. [Comment: Par. 1 of the non-monetary provisions contemplates once per year training for three years.  By having rolling start dates as initially contemplated in this draft, defendants would likely have training more then once per year for their employees. Once per year training and the required statement in Section III.B below should suffice]

B.      Defendants shall furnish to each and every current employee and employee hired within the three-year period of this Order a copy of this Order and inform each employee that noncompliance with this Order may lead to sanctions imposed by the Court.  Defendants shall also obtain a signed statement for each and every current employee

and employee hired within the three-year period of this Order that he or she has received, read and understands the Order including the statement of nondiscriminatory policy described in Section VII below. Copies of such statements shall be provided to the Fair Housing Council of Central California within 60 days of the date of entry of this Order for current employees and within 60 days of the beginning of the agency relationship for future employees.

## IV.   PUBLIC NOTICE AND OUTREACH

A.      Defendants will post and maintain a fair housing sign in a form approved by the Secretary of HUD in all offices in which they perform any business related to the rental of residential housing. Defendants shall also include the words "Equal Housing Opportunity Provider" or the fair housing logo in all advertising conducted and paid for by Defendants in newspapers, radio, television or other media, including telephone directory display ads, and on billboards, sign, pamphlets, brochures, and other promotional literature.  Those words shall be prominently placed and easily legible.

B.      Defendants shall pay for one full color pro-fair housing advertisement per month for the three-year period of this Order in the real estate section of a local newspaper of general circulation. Defendant shall pay the Fair Housing Council of Central California directly for such advertisement before it is run.  The advertisements shall be a full-page advertisements using at least one color print at a cost not to exceed $4,500 for the three year duration.  Defendants shall make equal monthly payments to Fair Housing Council, but may in their sole discretion prepay the parts or the entire $4,500.

C.        Defendants will satisfy the requirements set out in this Section within 120 days of the entry of this Order, save for the advertisement costs described in Section IV.B.

V.    **DISPUTE RESOLUTION**

A.        The parties agree to attempt to resolve in good faith any disputes that arise under the terms of this Order.  In that regard, the parties agree to utilize a notice-to-cure procedure before applying to the Court for enforcement of any term of this Order.  The parties agree to the following for a Notice-To-Cure with respect to any dispute that may arise:

1.    The party claiming a violation of any term of this Order will give written notice of the nature and extent of the alleged violation as follows:  Written notice to Defendants and their attorneys.

2.    The person receiving notice will have ten (10) days to respond in writing to the Notice of the alleged violation.  If the person receiving notice does not respond with 10 days or if the parties cannot resolve the dispute concerning the alleged violation within 10 days thereafter, the party claiming a violation may bring a motion directly to this Court for to enforce the provisions of this Consent Decree.

Dated: October __31__ , 2013        _____//s//_____

SHEIKH A. KAIUUM
Defendant

Dated: October __31__ , 2013        _____//s//_____

Sheikh A. Kaiuum for
JSK MANAGEMENT
Defendant

Dated: October __30__ , 2013        _____//s//_____

Marilyn Borelli, Executive Director
FAIR      HOUSING      COUNCIL      OF
CENTRAL   CALIFORNIA,  a  non-profit
corporation

APPROVED AS TO FORM AND CONTENT:

Dated: October __30__ , 2013        _____//s//_____

Margaret Elder
Attorney for Plaintiffs
JACQUELINE JONES, DEMETRIO
HERNANDEZ and FAIR HOUSING
COUNCIL OF CENTRAL
CALIFORNIA

Dated:  October __31__ , 2013        _____//s//_____

Sean T. O'Rourke
Attorney for Defendant's
SHEIKH A. KAIUUM, CYNTHIA
ALVARADO and JSK MANAGEMENT

1

**ORDER**

2

3    IT IS SO ORDERED.

4    Dated:   December 27, 2013        _____

5                                      SENIOR  DISTRICT  JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28